**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1834
_____

LESLIE EVANS-SAMPSON,
                              Appellant

v.

THE UNITED STATES DEPARTMENT OF JUSTICE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:20-cv-04891)
District Judge:  Honorable Gene E.K. Pratter

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 4, 2022
Before:  GREENAWAY, JR., PORTER and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 24, 2022)
_____

OPINION[*]

_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Leslie Evans-Sampson, proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing her amended complaint with prejudice. We will affirm the District Court's judgment.

I.

In February 2021, Evans-Sampson filed the operative amended complaint against the United States Department of Justice ("DOJ") based on its handling of disability discrimination complaints she made against the Philadelphia Housing Authority ("PHA"). According to the amended complaint and its accompanying exhibits, after Evans-Sampson filed her complaints with DOJ in August 2020, the Office of the Pennsylvania Attorney General notified her that her complaints had been referred to the PHA. Evans-Sampson wrote DOJ questioning why her complaints had been referred and asserting that DOJ had jurisdiction to review her complaints. In return, she received a form letter notifying her that DOJ "will not respond individually to every inquiry or investigate every complaint" it receives. See Am. Compl. ¶ 32.

Evans-Sampson alleged that in failing to investigate her complaints, DOJ discriminated against her based on her disability and violated certain regulations pertaining to requirements and procedures for the handling of discrimination complaints under Title II of the Americans with Disabilities Act ("ADA"). She sought civil penalties, money damages, and an injunction compelling DOJ to investigate her complaints. Further, Evans-Sampson included a request in her amended complaint that counsel be appointed if the District Court found that she had failed to cure the defects from her original complaint.

2

Liberally construing the complaint, the District Court considered whether it stated a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., or the ADA and its regulations. The District Court concluded that Evans-Sampson's claims neither fell within the limited waiver of sovereign immunity provided by the FTCA nor were cognizable under the ADA or its implementing regulations. It therefore dismissed the amended complaint under 28 U.S.C. § 1915(e)(2)(B), and, having already permitted leave to amend once, concluded that further amendment would be futile. It also denied a motion Evans-Sampson had filed for injunctive relief as moot. Evans-Sampson timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the order dismissing the amended complaint.[1] See Dooley v. Wetzel, 957 F.3d 366, 373-74 (3d Cir. 2020); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true," to show that its claims are facially plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint is considered frivolous if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327-28 (1989). As a pro se litigant, Evans-Sampson is entitled to liberal construction of her complaint. See Erickson v. Pardus, 551 U.S. 89, 94

---

[1] We do not review the District Court's decision to deny Evans-Sampson's motion for injunctive relief, as she does not challenge that aspect of the District Court's ruling in her opening brief. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (holding that arguments not developed in the opening brief are forfeited).

(2007) (per curiam). We may affirm "on any basis supported by the record." See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

Absent waiver, sovereign immunity shields United States government agencies and their employees, acting in their official capacities, from suit. FDIC v. Meyer, 510 U.S. 471, 475 (1994); see also Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996) ("The federal government must unequivocally consent to be sued and the consent 'must be construed narrowly in favor of the government.'" (citation omitted)). Liberally construing Evans-Sampson's amended complaint, the District Court considered, in part, whether her claims may fall within a limited waiver of sovereign immunity provided in the FTCA. For substantially the same reasons provided by the District Court, we agree both that DOJ is not a proper party to a FTCA action, see CNA v. United States, 535 F.3d 132, 138 n.2 (3d Cir. 2008); 28 U.S.C. §§ 2679(a), 2680(a), and that the United States has not waived its sovereign immunity for a damages claim based on DOJ's processing of discrimination complaints, see, e.g., Meyer, 510 U.S. at 475, 477-78; *United States v. Muniz,* 374 U.S. 150, 153 (1963) ("Whether a claim could be made out would depend upon whether a private individual under like circumstances would be liable under state law."). On appeal, however, Evans-Sampson asserts that she did not intend to bring a cause of action under the FTCA, but rather intended to do so under Title VI of the Civil Rights Act, 42 U.S.C. § 2000d, and the ADA, both of which she also relied on in her

4

amended complaint.  See Appellant's Br. at 9-10; Am. Compl. ¶ 1.  But Evans-Sampson's claims fail under each of those provisions as well.

Namely, neither Title VI nor Title II of the ADA applies to federal agencies.  Specifically, Title VI "was meant to cover only those situations where federal funding is given to a non-federal entity which, in turn, provides financial assistance to the ultimate beneficiary."  Soberal-Perez v. Heckler, 717 F.2d 36, 38 (2d Cir. 1983); cf. NAACP v. Med. Ctr., Inc., 599 F.2d 1247, 1254 n.27 (3d Cir. 1979) (reasoning that a beneficiary of federally funded programs "may not sue the administrative agency under section 601" of Title VI).[2]  And Title II of the ADA applies to discrimination by state or local governments.  See 42 U.S.C. §§ 12131(1), 12132; see also Cellular Phone Taskforce v. Fed. Commc'ns Comm'n, 217 F.3d 72, 73 (2d Cir. 2000) (per curiam) ("Title II of the ADA is not applicable to the federal government.").

Further, as the District Court reasoned, the regulations on which Evans-Sampson relies—28 C.F.R. §§ 35.171 and 35.172—do not make any mention of a right of action against federal agencies for those dissatisfied with investigative or enforcement

---

[2] We also note that, in her amended complaint, Evans-Sampson did not allege that DOJ discriminated against her based on her membership in a Title VI class—race, color, or national origin, see 42 U.S.C. § 2000d—but rather made conclusory assertions that the agency's failure to investigate her complaint amounted to discrimination based on disability.  Although she now vaguely alleges, in her opening brief, that DOJ discriminated against her based on her race, we do not consider arguments raised for the first time on appeal.  See Orie v. Dist. Att'y Allegheny Cnty., 946 F.3d 187, 195 (3d Cir. 2019).  Moreover, although Evans-Sampson correctly points out that states do not have Eleventh Amendment immunity from suits under Title VI, see 42 U.S.C. § 2000d-7, Eleventh Amendment immunity is irrelevant to whether a *federal*—not state—agency such as DOJ is subject to suit.

5

decisions. Rather, they provide a mechanism for administrative enforcement of the ADA, and they do not even require that each individual complaint be investigated as Evans-Sampson suggests. See 28 C.F.R. § 35.172(a) (stating generally that "[t]he designated agency shall investigate complaints for which it is responsible under § 35.171"); Nondiscrimination on the Basis of Disability in State and Local Government Services, 75 Fed. Reg. 56,164, 56,228 (Sept. 15, 2010) ("[T]here is no statutory requirement that every title II complaint receive a full investigation."). And insofar as Evans-Sampson sought an injunction requiring DOJ to investigate her claims and "enforce [her] disability rights," Am. Compl. ¶ 51(d), federal courts lack jurisdiction to compel an investigation by a law enforcement agency. Cf. Heckler v. Chaney, 470 U.S. 821, 831 (1985) (reasoning that "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion").

In light of these considerations, the District Court properly dismissed the amended complaint. Because the District Court already provided leave to amend once and further amendment would be futile, it did not err in declining to grant further leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). And having concluded that Evans-Sampson's claims lacked merit, the District Court did not abuse its discretion in declining to appoint counsel. See Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153, 155 (3d Cir. 1993) (reasoning that district courts possess "broad discretion to request an attorney to represent an indigent civil

litigant," and whether appointment of counsel is warranted turns in part on whether a claim "has arguable merit in fact and law").

We will accordingly affirm the judgment of the District Court,